# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

| | |
|---|---|
| LEONID DANILENKO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 4:19-cv-01701-MHH-JHE |
| ) | |
| MERRICK GARLAND, et al., ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION

Petitioner Leonid Danilenko has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his detention pursuant to a final order of removal and seeking immediate release from custody.  (Doc. 1, pp. 5–6).  When Mr. Danilenko filed the petition, he was detained in the Etowah County Detention Center in Gadsden, Alabama.  (Doc. 1, p. 2; Doc. 18, p. 6).

The respondents have moved to dismiss Mr. Danilenko's petition as moot. (Doc. 20).  In the motion, the respondents note that Mr. Danilenko was released from federal custody under an Order of Supervision on March 11, 2022.  (Doc. 20-1, p. 1, Pitman Decl., pp. 3-4).

Because Mr. Danilenko has been released from custody, the Court can no longer provide him meaningful relief.  Therefore, the Court finds that the petition for a writ of habeas corpus is moot.  *See Nyaga v. Ashcroft*, 323 F.3d 906, 913 (11th

Cir. 2003) (holding that "a case must be dismissed as moot if the court can no longer provide 'meaningful relief'"); *see also Spencer v. Kemna*, 523 U.S. 1, 7–8 (1998) (finding that a petitioner must demonstrate collateral consequences to avoid the mootness doctrine once he has been released from custody). Accordingly, by separate order, the Court will grant the respondents' motion to dismiss.

    **DONE** and **ORDERED** this March 14, 2022.

                                    _____
                                    **MADELINE HUGHES HAIKALA**
                                    UNITED STATES DISTRICT JUDGE